IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JACQUELINE JOUBERT, KATHERINE           *
PATTEN, KETON HOLLINGSWORTH,             *
DEMETRIS STOKES, and OLGA MARIA          *
ACEVEDO,                                 *
                                         *
        Plaintiffs,                      *
                                         *
        v.                               *      CV 118-147
                                         *
ZACHARY HUSSAIN; SONDY                   *
LAWRENCE; TINA BLAND; VICTORY            *
DUNCAN; JIM HANNAH; HARRIET              *
COLES; MICHAEL NEWMAN; CHERI             *
NEWMAN; LISA CHILDS; WAYLON              *
CAWLEY; EDNA AWAD; and                   *
COLUMBIA COUNTY, GEORGIA,                *
                                         *
        Defendants.                      *

# O R D E R

Before the Court are Defendants Zachary Hussain, Sondy Lawrence, Tina Bland, Victory Duncan, Jim Hannah, Harriet Coles, Michael Newman, Cheri Newman, Lisa Childs, Waylon Cawley, and Edna Awad's ("Individual Defendants") motion for judgment on the pleadings (Doc. 17) and Defendant Columbia County, Georgia's ("Defendant Columbia County") motion to strike portions of the amended complaint[1] (Doc. 34). As an initial matter, the Court

---

[1] After Defendant Columbia County filed the original motion to strike portions of the original complaint on November 9, 2018 (Doc. 22), Plaintiffs filed an amended complaint (Am. Compl., Doc. 32), which contained the same portions Defendant Columbia County moved to strike. Defendant Columbia County filed the present motion to strike based on the amended complaint. Therefore, Defendant Columbia County's original motion to strike (Doc. 22) is **DENIED AS MOOT**. The

**DENIES AS MOOT** the motion for judgment on the pleadings (Doc. 17). After the Individual Defendants filed their motion, Plaintiffs filed an amended complaint.[2] "It is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." Renal Treatment Ctrs.—Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005)) (citing Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982)); accord Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (finding that the prior complaint "is no longer a part of the pleader's averments against his adversary"); Malowney v.

---

Court, however, cites to arguments made within the original motion to strike (Doc. 22) and response (Doc. 26) because the amended motion (Doc. 34) and response (Doc. 38) incorporate by reference the respective original filings. (Doc. 34, at 2; Doc 38, at 2.)

[2] Plaintiffs filed the original complaint on September 7, 2018. (Doc. 1.) On October 1, 2018, Individual Defendants filed their motion for judgment on the pleadings. (Doc. 17.) Plaintiffs filed an amended complaint on December 12, 2018. (Doc. 32.) Every defendant answered the amended complaint (Docs. 35, 36, 37.)

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs lacked the authority to file the amended complaint: "A party may amend its pleading once as a matter of course within: (A) [twenty-one] days after serving it, or (B) if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. at 15(a)(2).

Plaintiffs filed the amended complaint well outside the time limit to amend as a matter of course. Nevertheless, the Court retroactively allows the amended complaint, and the amended complaint is deemed the operative complaint as of its filing date, December 12, 2018. First, "[t]he court should freely give leave when justice so requires." Id. Second, no defendant objected to the filing of the amended complaint. Accordingly, the Court excuses Plaintiffs' failure to comply with the Federal Rules of Civil Procedure this time.

2

Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Here, the amended complaint supersedes the original complaint effectively mooting Individual Defendants' motion for judgment on the pleadings.

The Court now turns to the pending motion to strike. Defendant Columbia County argues Plaintiffs' amended complaint contains material protected by the attorney-client privilege and work-product doctrine. (Mot. to Strike, Doc. 22, at 1.) Thus, according to Defendant Columbia County, under Federal Rule of Civil Procedure 12(f), the Court should strike the protected material. For the following reasons, the Court **DENIES** Defendant Columbia County's motion (Doc. 34).

## I. BACKGROUND

The relevant facts are not in dispute. Kowanda Tenkapowom owns property located at 225 Anneswood Road, Martinez, Georgia 30907, which housed a personal care home. (Am. Compl., ¶ 63; Personal Care Home Permit, Doc. 32-1.) On June 21, 2018, Plaintiff Olga Acevedo and Ms. Tenkapowom applied to Columbia County to have the property rezoned from R-3 to S-1. (Zoning Application, Doc. 32-5.) On August 2, 2018, the Columbia County Planning Commission considered the rezoning request. (Am. Compl., ¶¶ 65-66.) The

3

Columbia County Board of Commissioners ultimately denied the rezoning request. (Rezoning Decision, Doc. 32-10.)

Thereafter, Plaintiff Acevedo filed an Open Records Act Request with Defendant Columbia County for all zoning applications and documents held by the Columbia County Planning Department related to specific properties. (Patrice Crawley's Decl., Doc. 31-1, ¶ 6; Reply Supp. Mot. to Strike, Doc. 31, at 3.) One such property was located at 339 Marshall Place, Martinez, Georgia 30907. (Patrice Crawley's Decl., ¶ 6.) In 2007, the Planning Commission was faced with a rezoning request for the property located at 339 Marshall Place. (Id.; Am. Compl., ¶ 125.) Defendant Columbia County sought legal advice on its options around the rezoning request, which was to change the "S-1 zoning to expand the permitted uses on the property from care for elderly to services for people with disabilities including 'severely handicapped, developmental disabilities and substance abusers.'" (Letter, Doc. 32-9, at 1.) Counsel's letter in response (the "Letter") is attached to the amended complaint as Exhibit L.

Plaintiffs do not dispute that the Letter contains opinion work product and was protected by the attorney-client privilege. (See Resp. to Mot. to Strike, Doc. 26, at 4.) Plaintiffs possess the Letter because, in responding to the open records act, Defendant Columbia County inadvertently produced the Letter.

4

(Id.) Plaintiffs do not challenge that the disclosure was inadvertent. (See id. at 8.)

Defendant Columbia County filed the present motion to strike the Letter and all references thereto under Federal Rule of Civil Procedure 12(f). Because the parties agree that the Letter was privileged, protected, and inadvertently disclosed, the only question remaining for the Court is whether Defendant Columbia County shows the Court that the Letter should be struck from the record under Rule 12(f).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court has "broad discretion in considering a motion to strike under [Rule] 12(f)." Bledsaw v. Carnival Corp., No. 15-23647, 2015 WL 9594296, at *1 (S.D. Fla. Dec. 30, 2015); see Bingham v. HCA, Inc., ___ F. App.'x ___, 2019 WL 3451045, at *5 (11th Cir. 2019) ("We review the district court's grant of [the defendant]'s motion to strike alleged facts from [the plaintiff]'s [complaint] under [Rule] 12(f) for an abuse of discretion. . . . The abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." (internal citations omitted)). Furthermore, "[s]triking

5

allegations from a pleading . . . 'is a drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken allegations have 'no possible relation to the controversy.'" Bledsaw, 2015 WL 9594296, at *1 (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cty., 306 F.2d 862, 868 (5th Cir. 1962)).

### III. DISCUSSION

Defendant Columbia County argues that the Court should strike the Letter and any reference thereto under Rule 12(f) because the Letter (1) is redundant, immaterial, impertinent, and scandalous and (2) contains protected information. For the reasons discussed below, the Court declines to use its discretion to strike the requested material from the record.

1. <u>Redundant, Immaterial, Impertinent, or Scandalous</u>

Defendant Columbia County states that the Letter contains information that is redundant, immaterial, impertinent, and scandalous and the Court has the authority to "narrow[] the issues to those allegations that are relevant and properly before the Court." (Mot. to Strike, at 5-6.) Plaintiffs respond that the Letter is relevant, serving "as evidence that not only did the County violate federal law, but that they did so knowingly and against the advice of their own legal counsel." (Resp. to Mot. to Strike, at 10.)

The Court notes Defendant Columbia County's point that the Letter references a request to rezone a different property. (Mot. to Strike, at 5; Reply Supp. Mot. to Strike, at 2.) This, however, does not necessarily make the Letter irrelevant. Plaintiffs use the Letter to show that Defendant Columbia County was informed that the County may not legally deny a rezoning request if it discriminates against persons with a handicap. (See Am. Compl., ¶¶ 127-129.) Defendant Columbia County has not shown how this purported use has no possible relation to the controversy. Furthermore, the argument that the matter contained within the Letter is scandalous is unsupported and distinguishable from the cases Defendant Columbia County cites. For example, in Talbot v. Robert Matthews Distrib. Co., the paragraphs at issue implied that the defendants intentionally caused a salmonella outbreak, yet those "allegations were devoid of any factual basis." 961 F.2d 654, 665 (7th Cir. 1992). Defendant Columbia County cites no case that supports its argument that the Court should use the drastic remedy of striking the Letter as redundant, immaterial, impertinent, or scandalous.

2. Protected Information

To show that the Court may use Rule 12(f) to strike privileged information, Defendant Columbia County cites one case: McClendon v. Hewlett-Packard Co., No. CV-05-087-S-BLW, 2005 WL 1421395 (D. Idaho June 9, 2005). In McClendon, the Court found the information

7

contained within the complaint was privileged and had not been waived by its inclusion within the complaint because the plaintiff, a prior employee of the defendant, did not have authority to waive the privilege. Id. at *6. Applying the logic from McClendon, the Court may strike the Letter if Defendant Columbia County did not waive its privilege by inadvertently disclosing the Letter. Thus, Defendant Columbia County must show that an exception applies to excuse the waiver. Defendant Columbia County argues the disclosure did not waive its privilege by application of Federal Rule of Evidence 502(b).[3]

Defendant Columbia County argues that the inadvertent disclosure did not waive its privilege under Federal Rule of Evidence 502(b). (Mot. to Strike, at 3-5.) Although Federal Courts previously applied different standards to determine whether a disclosure waived the attorney-client privilege or work-product protection, "Rule 502(b) now applies in all federal proceedings and provides uniformity in evaluating whether an inadvertent disclosure constitutes a waiver." Westgate Fin. Corp. v. Cotswold

---

[3] Defendant Columbia County also argues that when looking to Georgia law as instructive, it is clear that there was no implied waiver of the attorney-client privilege or work-product protection. (Reply Supp. Mot. to Strike, at 8-11.) The Court agrees that Georgia law does not control privilege here. Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992) (stating that "the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question"). Plaintiffs, however, do not argue there has been an implied waiver, but that Defendant Columbia County waived the privilege through disclosure. Defendant Columbia County's arguments that a privileged document is not discoverable and that there is no implied waiver of the privilege are immaterial.

8

Indus., Inc., No. 1:09-cv-2627-WSD, 2010 WL 11601471, at *2 (N.D. Ga. May 19, 2010) (explaining that, before Rule 502(b), courts in the Eleventh Circuit "applied a balancing test that required a case-by-case analysis of the nature of the disclosure" to determine whether the disclosure amounted to a waiver).

The bulk of Defendant Columbia County's arguments in its motion and reply rest on Rule 502(b) applying and supporting its requested relief. (Mot. to Strike, at 3-5; Reply Supp. Mot. to Strike, at 5-8.) The burden is on Defendant Columbia County, the privilege claimant, to show that the exception provided by Rule 502(b) is met. See U.S. ex rel. Schaengold v. Mem'l Health, Inc., No. 4:11-cv-58, 2014 WL 5767042, at *5 (S.D. Ga. Nov. 5, 2014) ("As the party claiming the protection of Rule 502(b), [the d]efendants have the burden of proving that the elements of the Rule apply.").

Rule 502(b) provides an exception to normal waiver rules by specifying when an inadvertent disclosure does not waive the attorney-client privilege or work-product protection. The exception provided is limited to disclosures "made in a federal proceeding or to a federal office or agency." FED. R. EVID. 502(b).

Plaintiffs challenge the application of Rule 502(b) because the disclosure was not "made in a federal proceeding." (Resp. to Mot. to Strike, at 6.) Defendant Columbia County responds that Rule 502(b) applies to the pre-suit investigation that occurred

9

here citing a footnote from one, non-binding case in support: <u>Eden Isle Marina, Inc. v. United States</u>, 89 Fed. Cl. 480, 501 n.20 (2009). (Reply Supp. Mot. to Strike, at 5.) The footnote provides:

> Federal Rule of Evidence 502(b) applies when the disclosure is "made in a [f]ederal proceeding. . . ." As noted above, most of the disclosures by the Corps at issue here occurred during [the] plaintiff's counsel's investigation of [the] plaintiff's claim prior to filing suit — *i.e.*, via FOIA requests and an environmental investigation — and not expressly "in a [f]ederal proceeding" as contemplated by the rule. However, because the court is treating those disclosed documents as if they were disclosed during the pendency of the litigation, it is, contrary to [the] defendant's argument, appropriate to apply the rule here.

<u>Eden Isle Marina</u>, 89 Fed. Cl. at 501, n.20.

In <u>Eden Isle Marina</u>, the court only construed the documents as being disclosed "in a federal proceeding" because the court was already treating the documents as if disclosed during the pendency of the litigation for other reasons. No similar circumstance exists here. In fact, <u>Eden Isle Marina</u> seems to stand for the proposition that pre-suit investigations generally fall outside the scope of Rule 502(b). <u>See also</u> ADVISORY COMMITTEE ON EVIDENCE RULES, MINUTES OF THE MEETING OF APRIL 24-25, 2006 5 (2006), https://www.uscourts.gov/sites/default/files/fr_import/EV04-2006-min.pdf (changing the language from "made in connection with federal litigation" to "in a federal proceeding"). Defendant

10

Columbia County fails to show how Rule 502(b) applies to the inadvertent disclosure at issue here.

## IV. CONCLUSION

For the foregoing reasons, Defendant Columbia County's motion to strike (Doc. 34) is **DENIED**, its original motion to strike (Doc. 22) is **DENIED AS MOOT**, and the Individual Defendants' motion for judgment on the pleadings (Doc. 17) is **DENIED AS MOOT**. The Court notes discovery is stayed pending the resolution of the motion for judgment on the pleadings. (Doc. 20.) The Court, however, **ORDERS** that the discovery stay continue for **FOURTEEN DAYS** after the date of this Order. If the Individual Defendants file an updated motion for judgment on the pleadings pertaining to the operative pleadings within fourteen days from the date of this Order, the discovery stay will continue until resolution of that updated motion. Consequently, if the Individual Defendants choose not to file an updated motion for judgment on the pleadings within fourteen days, the discovery stay will automatically be lifted fourteen days after the date of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of September, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA